Mr. Stanley Williams 1412 Country Club Rd. Sherwood, AR 72120
Dear Mr. Williams:
You have requested an Attorney General opinion concerning the release of certain records in response to a request that has been presented to the Little Rock School District under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.)
You state that a reporter from the Arkansas Democrat-Gazette has requested certain of your personnel records. You have provided me with copies of the records that the school district has determined are responsive to the request. I recently issued Opinion No. 2001-144, which addressed the releasability of all but two of these documents. I will therefore limit my discussion herein to the two documents that were not addressed in Opinion No. 2001-144. They are the following:
 • A handwritten memorandum dated 11/97, apparently written by a student.
 • A letter dated September 2, 1999, from another employee to Ray Gillespie, Little Rock School District Athletic Director.
You state that the school district has determined that the above-listed records will be released, absent a contrary opinion from this office. You object to the release of these records.
I am directed by law to issue an opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
I am unable to opine as to the releasability of these documents without more factual information. In particular, it would be necessary for me to know the circumstances under which these two documents were written. Nevertheless, I will address the releasability of these documents to the extent possible.
The Handwritten Memorandum — If the handwritten memorandum was written voluntarily, it constitutes a "personnel record." As explained in Opinion No. 2001-144, personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of [the] personal privacy" of the employee to whom the records pertain. A.C.A. § 25-19-105(b)(12). As also explained, a determination of whether a particular release would constitute a "clearly unwarranted invasion of personal privacy" turns on whether the employee's privacy interest in the record in question outweighs the public's interest therein. In my opinion, the public's interest in this handwritten memorandum outweighs any privacy interest you have in it, because it reflects conduct that directly impacted a student. I believe that the public has a significant interest in the conduct of public school employees that directly impacts students. Therefore, if the memorandum was written voluntarily and thus constitutes a personnel record, it should be released, in my opinion.
The issue is more difficult, however, if the handwritten memorandum was written at the behest of the employer during the course of an investigation into your conduct. If so, it constitutes an "employee evaluation/job performance record." As explained in Opinion No.2001-144, employee evaluation/job performance records are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
Although it is clear that you were suspended and that there has been a final administrative resolution of this suspension, it is not clear from the face of the handwritten memorandum whether it provided a basis for your suspension. If this record did provide such a basis, it is my opinion that it should be released. As indicated previously, it reflects conduct that directly impacted a student. I believe the public has a compelling public interest in such conduct by a public school employee. If, however, this record did not provide a basis for your suspension, it should not be released.
With regard to the handwritten memorandum, I must note one other matter. As previously mentioned, this document was apparently written by a student. The copy that I have does not contain the student's name or any other information that would constitute personal identifiers of that student (at least to a person unfamiliar with the facts of your case). However, if any of the information contained in this document would, in fact, personally identify the student who wrote it, that information should be redacted. Such information would implicate the Federal Educational Rights Privacy Act (20 U.S.C. § 1232g) (FERPA), as well as a new language that has recently been added to the Arkansas FOIA.
The FERPA generally provides that educational institutions can lose their federal funding if they disclose "education records" or "personally identifiable information contained therein" without the written consent of the student (or the student's parent if the student is under the age of eighteen. 20 U.S.C. § 1232g(b)(1). The term "education records" is defined broadly in the FERPA as "records, files, documents and other materials which . . . contain information directly related to a student."20 U.S.C. § 1232g(a)(4)(A). Although the FERPA does contain some exceptions from its confidentiality requirements, these records do not fall within any of the exceptions. Therefore, if this document does contain personal identifiers of the student and the school district fails to redact these identifiers without the parents' consent before releasing this record, it will risk losing any federal funding that it receives.
Moreover, such information should be redacted under a new language that has been added to the Arkansas FOIA. Act 1653 of 2001 added the following language to the FOIA:
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (2) . . . education records as defined in the Federal Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g, unless their disclosure is consistent with the Federal Educational Rights and Privacy Act of 1974[.]
A.C.A. § 25-19-105(b)(2).
The Letter Dated September 2, 1999 — It is unclear precisely how this letter relates to you. It does not mention your name, nor does it (at least on its face) purport to detail any conduct by you. For this reason, it is difficult for me to classify it as either your personnel record or as your performance evaluation record. Nevertheless, I acknowledge that the facts of the situation may indicate clearly to a person familiar with the facts that this record should be classified as one or the other. If so, it must be analyzed under the tests for releasability set forth above and in Opinion No. 2001-144.
I must note that regardless of how this letter is classified in relation to you, it may also constitute either the personnel record or the performance evaluation record of the employee who wrote the letter, or of other employees mentioned therein. As such, it must also be analyzed for releasability under the applicable tests in relation to those employees.
I am aware that the foregoing analysis leaves unanswered certain questions. These are questions that can only be answered in light of the specific necessary facts mentioned above. The custodian of the records is privy to these facts and can therefore make the required classifications and release determinations under the appropriate tests for releasability, with the assistance of the school district's counsel.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General